# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GERMANDI TYLER,

Plaintiff

v.

BRIAN WILLIAMS,

Defendant

Case No. 2:11-cv-01248-JAD-NJK

**Order Granting Defendant's Motion for Summary Judgment [Doc. 16] and Denying Plaintiff's Cross Motion for Summary Judgment [Doc. 20]**

This prisoner civil rights action arises from Plaintiff Germandi Tyler's allegations of Eighth Amendment violations and of retaliation during his incarceration at the Southern Desert Correctional Center ("SDCC"). Plaintiff avers that the SDCC was deliberately indifferent to various health-endangering conditions of his confinement and retaliated against him for reporting those conditions to a city health inspector. The parties filed cross motions for summary judgment on both claims. Docs. 16, 20. Because Plaintiff failed to exhaust his administrative remedies, the Court grants Defendant's Motion and denies Plaintiff's.[1]

---

[1] The Court finds these motions appropriate for resolution without oral argument. L.R. 78-2. Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Docs. 17, 18.

**Discussion**

**A.     Background**

Tyler is an inmate in the custody of the Nevada Department of Corrections. Defendant Brian Williams is the Warden of the SDCC, where Plaintiff was serving his sentence at all relevant times under the Complaint. The parties' proffered evidence establishes the facts below.

From April 22, 2011, to July 22, 2011, Plaintiff filed three sets of grievances with the SDCC complaining of various unsatisfactory conditions of his confinement. The first set of grievances pertained to insufficient medical treatment, the presence of ants in his cell, and unsanitary food.[2] Doc. 19, Ex. A. The SDCC staff responded to these complaints, generally rejecting them because Plaintiff failed to follow the outlined grievance procedures by listing multiple issues in a single grievance and failing to identify a desired remedy. *Id*.

The second set of grievances resulted from an incident where the cell block's main drain backed up, flooding the cell block with raw sewage and allegedly leaving the floor covered in feces. Plaintiff filed an emergency grievance and an informal grievance on June 18, 2011, requesting relief from the situation.[3] Doc. 19, Ex. B. The response to the emergency grievance indicated that the maintenance department had been notified of the problem. *Id*. The response to the informal grievance, issued the Monday following the weekend incident, indicated that "[p]er maintenance, screens prevent sewage material from coming up. As soon as the problem was reported it was corrected." *Id*. Defendant's evidence establishes that a work order was submitted to the maintenance department June 19, 2011, and the repair of the main drain was completed June 20, 2011. Doc. 16-6, Ex. B-1.

Plaintiff's final set of grievances relates to an alleged search of Plaintiff's cell. Plaintiff

---

[2] Plaintiff's complaint of insufficient medical treatment involves an ointment prescribed for a fungal infection not having the desired effect. Plaintiff's complaint regarding unsanitary food focuses on the fact that inmates' meals are delivered without coverings such that bugs and birds could potentially get to the food, the food is cold, and a hair was once discovered in Plaintiff's meal.

[3] Although Plaintiff's first grievance was filed June 19, Plaintiff alleges in his Complaint that he had been "trying to get a grievance"—presumably a grievance form—since four days prior. However, the Complaint does not contain allegations relating to why the form was unavailable.

alleges that, in response to the sewage incident, he wrote a letter to the Carson City Health Inspector regarding the conditions resulting from the main drain blockage. Doc. 19, Ex. C. He further alleges that a health department inspector met with Plaintiff to investigate, but before reaching Plaintiff's cell, Correctional Officers allegedly "put all [Plaintiff's] property all over the floor and . . . bed" leaving Plaintiff's face and bath towels in water on the floor. *Id*. Plaintiff filed an informal grievance, but it was denied because it failed to adequately describe the issue, the officers involved, the time of day, who the "inspector"[4] was, and the remedy sought.

Plaintiff then filed this action alleging three civil rights counts against Warden Williams and Associate Warden Cheryl Burson. Plaintiff alleged that Defendant retaliated against him for writing the city health inspector, that Defendant Burson mishandled his grievances, and that the conditions of his confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff included a prayer for "150,000 dollar[s] a day" and a transfer to another facility. The Court initially screened the action, dismissed Defendant Burson and dismissed Count II for failure to state a claim, and allowed the retaliation and Eighth Amendment claims to proceed. Doc. 3. The parties now cross-move for summary judgment. Docs. 16, 20.

**B.  Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). When evaluating the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw.*

---

[4] Defendant's affidavit states that he was unaware of any visit by a health inspector or cell search and that his review of the institutional logs does not reveal such a visit. Doc. 16, Ex. A.

*Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248-49. The Court may only consider properly authenticated, admissible evidence in deciding summary judgment. Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74.

**C.     Analysis**

The Prison Litigation Reform Act ("PLRA") governs inmate civil rights litigation and requires that inmates first exhaust such "administrative remedies as are available" before filing any action in the district court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Bock* court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204. Even futility is no exception to the PLRA's exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Plaintiff did not exhaust the administrative remedies available to him under the Nevada Department of Corrections Administrative Regulations (the "AR"), and this failure precludes him from maintaining an action in district court. *Id*. at 218 (in determining whether a prisoner has

properly exhausted his administrative remedies, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Although Plaintiff filed informal grievances, those informal grievances were only the first step in the grievance process under the AR. *See* Doc. 16-2, Ex. A-1. Informal grievances are reviewed for compliance with the AR's prescribed procedures and for their merit. *Id*. If the inmate has not complied with the proper procedure, his informal grievance is returned with comments on its insufficiencies, and the inmate may revise and resubmit the grievance. *Id*. If the grievance is denied on its merits, the AR affords a two-level formal-grievance process for challenging the denial of the informal grievance. *Id*.

The evidence, when viewed in the light most favorable to Plaintiff, leaves no doubt that Plaintiff failed to exhaust the grievance process for the claims he now asserts in this action. Defendant provides affidavit testimony demonstrating that Plaintiff's grievance record contains only informal grievances on the sewage and retaliation issues. Although Plaintiff has attached two first-level formal grievances regarding bugs, food, and his medical care, he has not provided any evidence that shows (or even alleges) that he pursued any of his complaints to the second and final level of the formal-grievance process. And his own evidence shows that he failed to correct and re-file procedurally deficient informal grievances regarding his sanitation and medical complaints. Under the AR, any grievance that is not corrected or appealed within the prescribed deadlines is considered abandoned. *Id*. Consequently, Plaintiff's failure to completely exhaust his available administrative remedies is not subject to reasonable debate, and Defendant is entitled to judgment as a matter of law on all of Plaintiff's remaining claims. Accordingly, the Court grants Defendant's Motion and denies Plaintiff's Motion. However, because the Ninth Circuit has recognized that the proper remedy for a prisoner's failure to exhaust non-judicial remedies is dismissal of his claims without prejudice, the Court will simply dismiss Plaintiff's claims without prejudice instead of directing summary judgment on them. *Wyatt*, 315 F.3d at 1120; *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

**Conclusion**

Accordingly, and with good cause appearing,

It is hereby ORDERED that Defendant's Motion for Summary Judgment **[Doc. 16]** is **GRANTED** and Plaintiff's Cross Motion for Summary Judgment **[Doc. 20]** is **DENIED**.

This action is hereby DISMISSED without prejudice for failure to exhaust the administrative grievance process.

DATED February 4, 2014.

_____
Jennifer A. Dorsey
United States District Judge